**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| PETER J. WIELICKI, | ) | CASE NO:   1:08-cv-00609 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| PATIENT FIRST, | ) | |
| | ) | **MEMORANDUM** OF OPINION |
| Defendant. | ) | DOCKET NOS. 19. 28, 29 |

Before the court is the motion of defendant, Patient First, for summary judgment. Defendant's Motion, Doc. No. 19.  Plaintiff, Peter J. Wielicki ("Wielicki"), opposes Patient First's motion and moves in turn for summary judgment.  Plaintiff's Motion, Doc. No. 28. Patient First moves to strike Wielicki's motion as untimely filed.[1]  Doc. No. 29.  For the reasons given below, the court grants Patient First's motion for summary judgment in full, strikes Wielicki's motion for summary judgment as untimely filed, and grants Patient First's motion to strike.

II.  Background

In November 2003, Wielicki suffered adverse effects from a prescription medication. Southwest General Hospital admitted him for treatment.  Wielicki maintains that Patient First did not provide any treatment to him in connection with this hospital stay.  Patient First contends that John J. Kavilch, III, M.D. ("Dr. Kaviich"), provided Wielicki treatment.  Kavich

---

[1] Wielicki filed his motion 82 days after the deadline for filing dispositive motions.

asserts that he provided this treatment as an agent of Patient First.

On December 30, 2004, Patient First sent Wielicki a bill for medical services in the amount of $319.00.  On January 4, 2005, Wielicki sent Patient First the following letter:

> January 4, 2005
>
> Patient First
> 276 Bagley Road
> Berea, Ohio  44017
>
> Re:  WIEPE000Attn:  Billing Department
>        BILLING ERROR
>
> Gentlemen:
>
> > This correspondence concerns an invoice dated December 30, 2004 that I received from you recently.  I do not recall receiving any services from your company, therefore, please consider your claim as a billing error pursuant to the Federal Fair Credit Billing Act ["FCBA"].  Kindly verify and validate your claim.  Please provide, but not limited to, the following items:
> >
> > 1. Copy of the written authorization signed by me for the services performed.
> > 2. Detailed explanation of the alleged services rendered and the purpose they were rendered [sic].
> > 3. Detailed cost breakdown of labor, materials and equipment utilized.
> > 4. All other information that you believe will verify and validate your claim.
> >
> > As required by the Federal Fair Credit Billing Act, please investigate this matter fully, advise me in writing of the results of your investigation and credit the account accordingly.  I shall expect your response within 30 days of receipt of this correspondence, as provided for by the FFCBA.
> >
> > Should you have any questions or require additional information, feel free to contact me.

Plaintiff's Motion, Exh. B.

Patient First continued to bill Wielicki for the amount it claimed he owed.  On April 10, 2005, Wielicki sent Patient First a letter informing it that because more than 30 days

had passed since Wielicki informed Patient First of the alleged billing error without a response by Patient First as required by the FCBA, Patient First's claim against Wielicki was now void.

Upon Wielicki's continued refusal to pay Patient First's bill, Patient First filed a collection action against him in Berea Municipal Court, Small Claims Division. Wielicki moved to introduce evidence regarding his defense allegedly arising pursuant to the FCBA. The court told him that it lacked jurisdiction to consider federal issues and denied Wielicki's motion. Wielicki also moved to introduce a letter from Southwest General Hospital to Patient First informing Patient First that Wielicki had two outstanding accounts open with Southwest General Hospital in the amounts of $271.13 and $26.92. The court denied the motion on the grounds that the evidence was immaterial. The court entered judgment in favor of Patient First in the amount of $319.00 plus interest and court costs. Wielicki did not appeal this judgment in state court.

On March 11, 2008, Wielicki filed in this court an action against Patient First. Wielicki asserts two cause of action in his complaint: (1) an action pursuant to the FCBA,[2] and (2) an action pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").[3] Patient First denied liability under either cause of action.

---

[2] Wielicki cites the FCBA as 15 U.S.C. § 1601. The relevant section of the FCBA is actually codified at 15 U.S.C. § 1666 and provides a private right of action at 15 U.S.C. § 1640. Defendant, however, has identified the proper statute in his briefs, so Wielicki's mistaken citation has not prejudiced defendant. Construing Wielicki's pleading with the liberality accorded *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992), the court takes Wielicki's first cause of action as properly pleaded.

[3] HIPAA is codified variously at Titles 18, 26, and 42 of the United States Code.

III.  Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may rely on depositions, answers to interrogatories, and the like, to demonstrate that the non-moving party has no evidence to prove his case and hence that there can be no factual dispute.  *See id.* at 328 (White, J., concurring).  But "it is not enough to move for summary judgment . . . with a conclusory assertion that the [non-moving party] has no evidence to prove his case."  *Id.*

Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial.  *See Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995).  The trial court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).  That is, the nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely.  *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)).  The lack of such a response by the nonmoving party may result in an automatic grant of

summary judgment. *Reeves v. Fox Television Network*, 983 F.Supp. 703, 709 (N.D. Ohio 1997).

When evaluating a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to . . . the party opposing the motion . . . ." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *see also Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962). In addition, the Court "does not weigh the evidence or make credibility determinations." *Id.* However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986). In other words, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251.

IV. Wielicki's Claim Pursuant to the FCBA

Wielicki alleges that Patient First violated the FCBA by failing to respond properly and within 30 days to Wielicki's letter of January 4, 2008. Patient First responds that (1) it is not subject to the FCBA, (2) the action is barred by the statute of limitations, and (3) the action is barred by *res judicata*.

*A.    Whether Patient First is subject to the FCBA*

Wielicki contends that Patient First is liable to him pursuant to the following provisions of the FCBA:

> (a) Written notice by obligor to creditor; time for and contents of notice; procedure upon receipt of notice by creditor

5

If a creditor, within sixty days after having transmitted to an obligor a statement of the obligor's account in connection with an extension of consumer credit, receives at the address disclosed under section 1637(b)(10) of this title a written notice (other than notice on a payment stub or other payment medium supplied by the creditor if the creditor so stipulates with the disclosure required under section 1637(a)(7) of this title) from the obligor in which the obligor--

**(1)** sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,

**(2)** indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and

**(3)** sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error,

the creditor shall, unless the obligor has, after giving such written notice and before the expiration of the time limits herein specified, agreed that the statement was correct--

**(A)** not later than thirty days after the receipt of the notice, send a written acknowledgment thereof to the obligor, unless the action required in subparagraph (B) is taken within such thirty-day period, and

**(B)** not later than two complete billing cycles of the creditor (in no event later than ninety days) after the receipt of the notice and prior to taking any action to collect the amount, or any part thereof, indicated by the obligor under paragraph (2) either--

**(i)** make appropriate corrections in the account of the obligor, including the crediting of any finance charges on amounts erroneously billed, and transmit to the obligor a notification of such corrections and the creditor's explanation of any change in the amount indicated by the obligor under paragraph (2) and, if any such change is made and the obligor so requests, copies of documentary evidence of the obligor's indebtedness; or

**(ii)** send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness. In the case of a billing error where the obligor alleges that the creditor's billing statement reflects goods not delivered to the obligor or his designee in accordance with the agreement made at the time of the transaction, a creditor may not construe

> such amount to be correctly shown unless he determines that such goods were actually delivered, mailed, or otherwise sent to the obligor and provides the obligor with a statement of such determination.
>
> After complying with the provisions of this subsection with respect to an alleged billing error, a creditor has no further responsibility under this section if the obligor continues to make substantially the same allegation with respect to such error.

15 U.S.C. § 1666(a) ("§ 1666(a)").

Patient First denies that it is liable to Wielicki pursuant to § 1666(a) because, it argues, § 1666(a) applies only to creditors and Patient First is not a creditor within the meaning of § 1666(a). Patient First cites Wielicki's deposition and an affidavit to demonstrate that Patient First does not match the characteristics required to qualify an entity as a creditor within the meaning of the FCBA. *See* Deposition of Wielicki, Defendant's motion for summary judgment, Exh. A, pp. 16-20; Affidavit of Dr. Kavlich, Defendant's motion for summary judgment, Exh. B, ¶ 11.

As Patient First has met its burden of advancing evidence to show that Wielicki cannot establish the existence of an element essential to Wielicki's case, the burden is on Wielicki to set forth competent and material evidence showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 323. To show that Pateint First is liable pursuant to § 1666(a), Wiliecki must demonstrate that Patient First is a "creditor," as defined by § 1602(f). But Wielicki does not allege or demonstrate that Patient First regularly extends credit which *by agreement* is payable in more than four installments or that Patient First extends credit for which a finance charge is or may be required. Wielicki has not demonstrated, therefore, that Patient First is a creditor within the terms of the first sentence of § 1602(f). Nor has Wielicki demonstrated that Patient First is a creditor within the terms of the second sentence of § 1602(f). Patient First honored Wielicki's credit card. Wielicki does not allege

7

or demonstrate that Patient First offers a discount which is a finance charge.

Wielicki offers a long, serpentine argument based entirely on selected excerpts from the following relevant portions of the definition of "creditor" for purposes of § 1666(a):

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. Notwithstanding the preceding sentence, in the case of an open-end credit plan involving a credit card, the card issuer and any person who honors the credit card and offers a discount which is a finance charge are creditors.

15 U.S.C. § 1602(f) ("§ 1602(f)"). In essence, Wielicki argues that Patient First is a creditor within the meaning of § 1666(a) merely because Patient First accepts credit card payments for its services. That is not a conclusion warranted by the definition of "creditor," and it is insufficient to establish that Patient First is a creditor within the meaning of the FCBA. Wielicki has not demonstrated, therefore, that Patient First is a creditor within the meaning of the second sentence of § 1602(f). Consequently, Wielicki has not made the necessary showing that Patient First is subject to the provisions of the FCBA as a creditor.

*B.     Whether Wielicki's action pursuant to the FCBA is barred by the statute of limitations*

Patient First also responds that Wielicki's action pursuant to the FCBA is barred by the relevant statute of limitations. Title 15 U.S.C. § 1640 ("§ 1640"), the section that provides a private right of action for violations of the FCBA, also imposes a limitations period on the time within which an action may be filed. Section 1640(e) provides as follows: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." A violation of § 1666(a) occurs 31 days after a creditor

8

receives a notice of a claimed billing error and fails to respond properly to that notice or 91 days after notice if the creditor fails to resolve the billing dispute. *See Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 776 (E.D. Mich. 2002).

Wielicki sent Patient First notice of the alleged billing error on January 4, 2005. Because Patient First did not respond as described in § 1666(a), Wielicki knew that any potential violation of § 1666(a) occurred at the latest by April 5, 2005. Assuming that the FCBA applies to Patient First, the statutory period began to run at least by April 5, 2005 and expired by April 6, 2006. Wielicki filed this action on March 11, 2008, nearly two years after the statute of limitations had expired. Wielicki's cause of action pursuant to the FCBA, therefore, is barred by the statute of limitations at § 1640.

*C.     Whether Wielicki's action pursuant to the FCBA is barred by res judicata*

Patient First also argued that Wielicki's cause of action pursuant to the FCBA is barred by Ohio's doctrine of *res judicata*. *Res judicata* includes claim preclusion and issue preclusion. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any future claims by the parties or their privies based on the same cause of action as to every matter actually litigated and as to every theory of recovery that could have been presented in the original action. *Id.* Under issue preclusion, when a court of competent jurisdiction actually and necessarily determines an issue, that determination is conclusive in later suits based on a different cause of action involving any party to the original litigation. *Montana v. United States,* 440 U.S. 147, 153-54 (1979).

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738 ("§ 1738"), implements the Full Faith and Credit Clause of the Constitution. Section 1738 provides in relevant part:

"[J]udicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."  Thus, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1985); *see also Kaufman v. BDO Seidman,* 984 F.2d 182, 183 (6th Cir. 1993).

Ohio law recognizes both issue preclusion and claim preclusion.  In Ohio, "issue preclusion . . . precludes the relitigation of an issue or issues 'that have been actually and necessarily litigated and determined in a prior action.'"  *City of Girard v. Trumball County Budget Ass'n*, 70 Ohio St.3d 187, 193, 638 N.E.2d 6, 727 (1994) (citing *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978, 981 (1983)).  Likewise in Ohio, "[c]laim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. "  *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 61, 862 N.E.2d 803, 806 (2007) (*Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1988)).  Furthermore, "[w]here a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter."  *O'Nesti*, 113 Ohio St. 3d at 61, 862 N.E.2d at 806 (citation omitted).

In the instant case, issue preclusion prevents Wielicki from re-litigating the matter of whether it owes Patient First the $319.00 plus interest awarded to Patient First as damages for services awarded in connection with Wielicki's hospital stay.  Moreover, claim preclusion prevents Wielicki from adjudicating any matter that could have been brought in

10

the state court case. This includes any defenses Wielicki might have had to Patient First's claims for damages. When the municipal court judge ruled that the court lacked jurisdiction to consider federal issues, Wielicki had two possible proper responses: (1) remove the case to federal court to address the federal issue raised by his defense or (2) appeal the judge's decision to the state appellate court. Wielicki failed to take either course of action. This allowed the state municipal court to reach a final judgment thst Wielicki owed Patient First $319.00 plus interest and let the judgment stand as final. That judgment now has preclusive effect on Wielicki's raising any claim challenging that determination.

In sum, Patient First is not liable to Wielicki pursuant to § 1666(a) because (a) Patient First is not a creditor for purposes of § 1666(a); (2) the statute of limitations bars Wielicki from asserting his claim; and (3) *res judicata* bars Wielicki from asserting his claim. For these reasons, the court grants Patient First's motion for summary judgment as regards Wielicki's claim pursuant to § 1666(a).

V. Wielicki's Claim Pursuant to HIPAA

Wielicki also asserts a claim pursuant to HIPAA. Patient First responds that HIPAA does not include a private cause of action by which Wielicki could assert such a claim.

Every court that has considered the question of whether HIPAA includes an explicit or implicit private cause of action has concluded that HIPAA has neither. *See, e.g., Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006); *Ames v. Group Health Inc.*, 553 F. Supp. 2d 187, 192 (E.D.N.Y. 2008) ("[P]laintiffs cannot bring a HIPAA enforcement action due to improper disclosures of medical information. . . . HIPAA limits enforcement of the statute to the Secretary of Health and Human Services."); *Butler v. Illinois Dept. of Transp.*, 533 F. Supp.

11

2d 821, 827 (N.D. Ill. 2008); *Buchanan v. Gay*, 491 F. Supp. 2d 483, 497 (D. Del. 2007); *Agee v. United States,* 72 Fed. Cl. 284, 289-90 (2006); *Johnson v. Quander,* 370 F. Supp. 2d 79 (D.D.C.2005); *University of Colo. Hosp.,* 340 F. Supp. 2d 1142 (D. Colo.2004); *O'Donnell v. Blue Cross Blue Shield of Wyo.,* 173 F. Supp. 2d 1176 (D. Wyo.2001); *Means v. Ind. Life & Accident Ins. Co.,* 963 F. Supp. 1131 (M.D. Ala.1997); *Wright v. Combined Ins. Co. of Am.,* 959 F.Supp. 356 (N. D. Miss.1997); *Carney v. Snyder,* No. C.A. 06-23 ERIE, 2006 WL 2372007 (W.D. Pa. Aug.15, 2006); *Walker v. Gerald,* No. 05-6649, 2006 WL 1997635 (E.D. La. June 27, 2006); *Poli v. Mountain Valleys Health Ctrs., Inc.,* No. 2:05-2015-GEB-KJM, 2006 WL 83378 (E.D. Cal. Jan.11, 2006); *Cassidy v. Nicolo,* No. 03-CV-6603-CJS, 2005 WL 3334523 (W.D.N.Y. Dec.7, 2005); *Rigaud v. Garofalo,* No. Civ.A. 04-1866, 2005 WL 1030196 (E.D. Pa. May 2, 2005); *O'Donnell v. Blue Cross Blue Shield of Wyoming,* 173 F. Supp.2d 1176, 1179-80 (D.C. Wyo. 2001); *Wright v. Combined Ins. Co. of Am.,* 959 F. Supp. 356, 362-63 (N.D. Miss. 1997).  For this reason, the court finds that HIPAA does not include a private right of action and grants Patient First's motion for summary judgment as regards Wielicki's claim pursuant to HIPAA.

VI. Conclusion

For the reasons given above, the court grants Patient First's motion for summary judgment in its entirety.  The court also grants Patient First's motion to strike Wielicki's motion for summary judgment as untimely filed and strikes Wielicki's motion.[4]

**IT IS SO ORDERED.**


DATE:  February 12, 2009             s/ *Nancy A. Vecchiarelli*
                                     United States Magistrate Judge

---

[4] Nothing in the stricken motion would have altered the outcome of this case.